In re PETITION FOR DISCIPLINARY ACTION AGAINST Ronald Lyle KOPESKA, a Minnesota Attorney, Registration No. 5754X.

No. A07–2152.

Supreme Court of Minnesota.

Dec. 7, 2007.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Ronald Lyle Kopeska committed professional misconduct warranting public discipline, namely, conversion of client funds that were subject to a receivership; failure to inform the receiver of the disbursement; failure to return the client funds; failure to timely satisfy a court-ordered judgment entered in favor of the receiver for the amount respondent converted; entering into an improper business transaction with a client, which created a conflict of interest; and failure to comply with the requirements for entering into a business transaction with a client, namely, providing the client with a reasonable opportunity to seek the advice of independent counsel and failing to obtain the

client's written consent to the conflict, in violation of Minn. R. Prof. Conduct 3.4(c), 8.4(c) and (d), 1.7(b), and 1.8(a).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 90–day suspension, with reinstatement by affidavit, followed by two years of supervised probation. The parties also jointly recommend that if respondent, while on supervised probation, intends to enter into a business transaction with a client, respondent be required to submit the terms of the transaction to the Director for review in order to ensure respondent's compliance with Minn. R. Prof. Conduct 1.8(a).

The court has independently reviewed the file and approves the jointly recommended disposition, except that the Director's review of proposed transactions between respondent and his clients shall extend to proposed transactions between respondent's clients and entities in which respondent has a direct or indirect ownership interest or in which respondent serves as an officer or director.

Based upon all the files, records and proceedings herein,

■ IT IS HEREBY ORDERED that respondent Ronald Lyle Kopeska is suspended from the practice of law for 90 days, effective as of the date of filing of this order. The hearing provided for under Rule 18, RLPR, is waived. Respondent shall be conditionally reinstated following the expiration of the suspension provided that at least 15 days before the expiration of the suspension, respondent files an affidavit with the clerk of appellate courts and the Director's Office establishing that respondent is current with continuing education requirements and has fully complied with Rules 24 and 26, RLPR. Upon reinstatement, respondent shall be subject to supervised probation for a period of two years under the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with the probation and shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this proba-

tion. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) If respondent, or any entity in which respondent has an ownership interest or serves as an officer or director, intends to enter into a business transaction with one of respondent's clients, respondent shall notify the Director and submit the terms of the transaction to the Director for review in order to ensure respondent's compliance with Minn. R. Prof. Conduct 1.8(a).

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR. Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year from the date of filing of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

BY THE COURT:

/s/Helen M. Meyer
Associate Justice